December 27, 1916. The opinion of the Court was delivered by
This action was commenced in a magistrate's Court for the recovery of $80 damages to plaintiff's land by fire, alleged to have been communicated through the negligence of the defendant, in the operation of its engine. Upon the call of the case for trial, the defendant demurred upon the ground that the magistrate had no jurisdiction, as the complaint showed upon its face that the action was for damages to real estate, and that the question of title was therefore necessarily involved. The magistrate overruled the demurrer, and ordered the case to trial. Upon the trial the plaintiff offered evidence of his title to the land. The defendant did not offer any testimony. The defendant denied all the plaintiff's allegations. The magistrate rendered judgment in favor of the plaintiff, and *Page 229 
the defendant appealed to the Circuit Court, but the appeal was dismissed, whereupon it appealed to this Court.
Section 21, article V of the Constitution, provides that:
"Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: Provided, Such jurisdiction shall not extend to cases * * * where the title to real estate is in question."
Section 87 of the Code provides that:
"No magistrate shall have cognizance of a civil action * * * where the title to real property shall come in question."
Section 88 is as follows:
"In every action brought in a Court of magistrate where the title to real property shall come in question, the defendant may, either with or without other matter of defense, set forth in his answer any matter showing that such title will come in question. Such answer shall be in writing, signed by the defendant or his attorney, and delivered to the magistrate. The magistrate shall thereupon countersign the same and deliver it to the plaintiff."
Section 89 is as follows:
"At the time of answering, the defendant shall deliver to the magistrate a written undertaking, executed by at least one sufficient surety, and approved by the magistrate, to the effect that if the plaintiff shall, within twenty days thereafter, deposit with the magistrate a summons and complaint in an action in the Circuit Court for the same cause, the defendant will, within twenty days after such deposit, give an admission in writing of the service thereof."
Section 90 provides that:
"Upon the delivery of the undertaking to the magistrate, the action before him shall be discontinued, and each party shall pay his own costs. * * *"
Section 91 is as follows:
"If the undertaking be not delivered to the magistrate he shall have jurisdiction of the cause, and shall proceed *Page 230 
therein; and the defendant shall be precluded, * * * from drawing the title in question."
There was a failure on the part of the defendant, to comply with the foregoing requirements, in every respect. He was, therefore, "precluded from drawing the title in question."
Section 92 is as follows:
"If, however, it appear on the trial from the plaintiff's own showing, that the title to real property is in question, and such title shall be disputed by the defendant, the magistrate shall dismiss the action and render judgment against the plaintiff for the costs."
In order for the defendant to get the benefit of this section, it was not only necessary for it to dispute the title of the plaintiff, but it was likewise essential for it to appear on the trial, from the plaintiff's own showing, that the title was in question. The title, however, was not in question, for the reason that all the testimony tended to show that the plaintiff was the owner of the land.
Appeal dismissed.
MESSRS. JUSTICES HYDRICK and WATTS did not participate in the consideration of this case.